UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
-------------------------------------------------------

|  |  |  |
|---|---|---|
| AMBER HUMPHREY, | : | CASE NO. 1:18-CV-1050 |
| *on behalf of herself and the class*, | : |  |
|  | : |  |
| Plaintiffs, | : |  |
|  | : |  |
| vs. | : | OPINION & ORDER |
|  | : | [Resolving Doc. 74] |
| STORE VALUE CARDS, INC., *et al.*, | : |  |
|  | : |  |
| Defendants. | : |  |
|  | : |  |

-------------------------------------------------------

JAMES S. GWIN, UNITED STATES DISTRICT JUDGE:

On January 8, 2019, the Court denied in part Defendants' motion for summary judgment.[1] On March 12, 2019, the Court conducted a telephonic status conference.[2] There, the Court informed the parties that it was contemplating granting partial summary judgment to Plaintiffs on complaint Count III independent of a motion,[3] and certifying the decision for interlocutory appeal.[4] The parties both responded with position papers.[5]

For the following reasons, the Court **GRANTS** partial summary judgment for the Plaintiffs and **CERTIFIES** the following issue for interlocutory appeal: whether a bank account holding pooled inmate card funds is "a demand deposit (checking), savings, or other consumer asset account (other than an occasional or incidental credit balance in a

---

[1] Doc. 67.
[2] Doc. 76.
[3] *See* Fed. R. Civ. P. 56(f)(1).
[4] 28 U.S.C. § 1292(b).
[5] Docs. 77, 78.

credit plan) held directly or indirectly by a financial institution and established primarily for personal, family, or household purposes."[6]

## I. Background[7]

In August 2017, Plaintiff served a thirty-day drug paraphernalia possession sentence at the Lorain County jail. When she was released, she had a balance remaining in her commissary account. The jail returned her funds on an already validated prepaid debit card issued by Defendant Republic Bank.

Republic kept the funds in a "pooled" operating account. That is, instead of maintaining an individual account for each prepaid card, Defendant held thousands of released inmates' funds in a single account. Republic tracked individual card expenditures with a sub-ledger.

Plaintiffs brought this class action suit alleging, *inter alia*, that the program violates the Electronic Funds Transfer Act's ("EFTA") prohibition against unsolicited debit card issuance.[8] This provision provides that:

> [N]o person may issue to a consumer any card, code, or other means of access to *such consumer's account* for the purpose of initiating an electronic fund transfer other than-- (1) in response to a request or application therefor; or (2) as a renewal of, or in substitution for, an accepted card, code, or other means of access, whether issued by the initial issuer or a successor.[9]

Federal regulations define "account" as "a demand deposit (checking), savings, or other consumer asset account (other than an occasional or incidental credit balance in a credit

---

[6] *See* 12 C.F.R. § 1005.2.
[7] This abbreviated factual background is drawn from the Court's previous decision denying Defendants' motion for summary judgment. *See* Doc. 67.
[8] 15 U.S.C. § 1693i.
[9] 15 U.S.C. § 1693i(a) (emphasis added).

Case No. 1:18-cv-1050
Gwin, J.

plan) held directly or indirectly by a financial institution and established primarily for personal, family, or household purposes."[10]

Defendants moved for summary judgment, primarily arguing that the pooled operating prepaid account was not an "consumer asset account" under the regulatory definition. The Court denied its motion in part.[11] The Court reasoned that the prisoner accounts were consumer asset accounts for personal purposes.

The parties agree that this determination is central to this lawsuit and agree that early court of appeals review of this finding could avoid large potentially wasted expense associated with tracking down class members.

## II. Discussion

### A. The Court Grants Summary Judgment to Plaintiffs on Their Unauthorized-Issuance EFTA Claim

Under Federal Rule 56(f)(1), the Court may grant summary judgment for a nonmovant without a motion after giving notice and a reasonable opportunity to respond.[12] The Court grants summary judgment when "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."[13]

For the same reasons outlined in its decision denying Defendants' motion for summary judgment, the Court finds that the pooled account holding Plaintiffs' funds is a consumer account covered by EFTA. Thus, the unsolicited inmate prepaid card issuance violated EFTA's unsolicited-issuance provision.

---

[10] 12 C.F.R. § 1005.2.
[11] Defendants also argued that the cards in question were not subject to EFTA's provisions governing "general-use prepaid cards" under 15 U.S.C. § 1693l-1(a)(2)(D)(iv). The Court agreed and granted partial summary judgment to Defendants on Plaintiffs' complaint Count III.
[12] Fed. R. Civ. P. 56(f)(1).
[13] Fed. R. Civ. P. 56(a).

-3-

Defendants contend that summary judgment is inappropriate because unlike the Defendants' previous motion, the Court must now draw all inferences in their favor. This is true, but Defendants do not identify any factual disputes on this limited issue that would stop summary judgment if resolved in their favor. Indeed, Defendants themselves admit that the Court's summary judgment motion denial turned on the "purely legal" question whether the regulations cover pooled accounts.[14]

Defendants also contend that the record unequivocally demonstrates that the pooled account was established for business purposes, exempting it from EFTA. While Defendants frame this argument as a factual dispute, it is essentially an argument about the legal effect of undisputed facts.

The Court rejects this argument. The pooled accounts were established for "personal, family, or household purposes" because the cardholders used the accounts for personal, family or household purposes.[15] Defendants have not pointed to any evidence from which a reasonable juror could find that the cardholders used the cards for business purposes.

If the Defendants mean that the accounts were established for business purposes because the *bank* established them for business purposes, then Defendants' interpretation sweeps too broadly. This interpretation would exempt *all* accounts from EFTA, because

---

[14] Doc. 77 at 7.
[15] Defendants' own marketing materials indicate that the benefits of its upgraded card include "online shopping" "online bill pay," and "worldwide ATM access," all of which are personal, family, or household purposes. *See* Doc. 51-5 at 3. Plaintiff used the card to withdraw cash from an ATM and (allegedly) purchase Chinese Food, which also represent personal, family, or household uses of the card. *See* Doc. 51-3. at 56-57.

-4-

nearly all accounts "held directly or indirectly by a financial institution" are held to generate profits for the bank.

Thus, the Court grants partial summary judgment for Plaintiffs on complaint Count III.

### B. The Court Certifies This Decision for Interlocutory Appeal

The Court may certify a question for appeal under 28 U.S.C. § 1292(b) where "(1) a controlling legal question is involved; (2) there is "substantial ground for 'difference of opinion' regarding it"; and (3) an immediate appeal would materially advance the litigation's ultimate termination."[16]

The question whether the pooled inmate funds accounts are "accounts" for EFTA purposes is a controlling question of law, because its resolution materially affects the outcome of the case.[17] The EFTA claims in this suit are large relative to the other state-law claims.[18]

There is substantial ground for difference of opinion on this issue because the question is one "on which there is little precedent or one whose correct resolution is not substantially guided by previous decisions."[19] The Court is not aware of any district court decision discussing whether pooled inmate funds accounts are an "account" for EFTA purposes, much less one from the Sixth Circuit. While the Court was not ultimately persuaded by Defendants' summary judgment arguments, they rightly point out that federal

---

[16] *In re Baker & Getty Fin. Servs., Inc.*, 954 F.2d 1169, 1172 (6th Cir. 1992).
[17] *See In re City of Memphis*, 293 F.3d 345, 351 (6th Cir. 2002) (question is controlling where it materially affects the outcome of the case).
[18] *See Baker*, 954 F.2d at 1172 n.8 (6th Cir. 1992) ("[T]he resolution of an issue need not necessarily terminate an action . . . to be "controlling." (some internal quotation marks omitted) (alteration in original)).
[19] *In re Miedzianowski*, 735 F.3d 383, 384 (6th Cir. 2013)

Case No. 1:18-cv-1050
Gwin, J.

agencies have contemplated prepaid-card-specific amendments to EFTA on several occasions and only recently amended the regulation to add "prepaid account" to its definitions.[20]  In light of this argument, there is room for difference of opinion on this question.

Finally, resolving this question on appeal question would materially advance the termination of this litigation because it would resolve a legal issue at the center of the parties' dispute.

### III.  Conclusion

For these reasons, the Court **GRANTS** partial summary judgment for the Plaintiffs and **CERTIFIES** the following issue for interlocutory appeal: whether a bank account holding pooled inmate card funds is "a demand deposit (checking), savings, or other consumer asset account (other than an occasional or incidental credit balance in a credit plan) held directly or indirectly by a financial institution and established primarily for personal, family, or household purposes."

IT IS SO ORDERED.

Dated: April 1, 2019                                        *s/     James S. Gwin*
                                                            JAMES S. GWIN
                                                            UNITED STATES DISTRICT JUDGE

---

[20] The amendments take effect April 1, 2019.  *See* 83 Fed. Reg. 6364-01.