**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | |
|---|---|
| **AMBER HUMPHREY, On behalf of herself and all others similarly situated,**  Plaintiff,  vs.  **STORED VALUE CARDS, INC. d/b/a NUMI FINANCIAL, et al.,**  Defendants. | CASE NO.  1:18-CV-01050  UNITED STATES JUDGE GWIN |

**PLAINTIFF'S UNOPPOSED MOTION FOR
PRELIMINARY APPROVAL OF CLASS SETTLEMENT**

Now comes the Named Plaintiff, Amber Humphrey, by and through counsel, and hereby moves the Court pursuant to Fed. R. Civ. P. 23 for preliminary approval of the class settlement, and approval of form and manner of notice. A memorandum in support is attached hereto and incorporated herein.

      Respectfully submitted,

O'TOOLE, McLAUGHLIN, DOOLEY
& PECORA CO., LPA

/s/ Matthew A. Dooley
Matthew A. Dooley (0081482)
Ryan M. Gembala (0079431)
Stephen M. Bosak (0092443)
5455 Detroit Road
Sheffield Village, Ohio  44054
Telephone:     (440) 930-4001
Facsimile:      (440) 394-7208
Email:           mdooley@omdplaw.com
                      rgembala@omdplaw.com
                      sbosak@omdplaw.com
*Class Counsel*

i

# TABLE OF CONTENTS

I. INTRODUCTION AND HISTORY ................................................................................... 5

II. SUMMARY OF THE PROPOSED CLASS ACTION SETTLEMENT ............................... 7

    A. Fed. R. Civ. P. 23(b)(3) Certification. ........................................................................ 7

    B. Settlement Payment. .................................................................................................. 7

    C. The Notice Program and Settlement Administration .............................................. 8

    D. Mailed Notice .............................................................................................................. 9

    E. Social Media Campaign .............................................................................................. 9

    F. The Settlement Website and the Toll-Free Settlement Phone Line ....................... 9

    G. Settlement Administration ....................................................................................... 10

    H. Service Award, Attorneys' Fees, and Costs ............................................................ 10

    I. Narrow Release ......................................................................................................... 10

    J. Uncashed or Expired Settlement Checks ............................................................... 11

III. THE NOTICE PROGRAM IS APPROPRIATE AND SHOULD BE APPROVED ........ 11

IV. PRELIMINARY APPROVAL OF PROPOSED CLASS SETTLEMENT ....................... 12

V. CONCLUSION ................................................................................................................... 14

# TABLE OF AUTHORITIES

**Cases**

*Eisen v. Carlisle & Jacquelin*,
   417 U.S. 156 (1974) .................................................................................................. 11

*Elliott v. LVNV Funding, LLC*,
   No. 3:16-cv-00675, 2019 WL 4007219, at *7 (W.D. Ky. Aug. 23, 2019) ............... 12

*Gen. Motors,*
   2497 F.3d at 629 ....................................................................................................... 11

*Glaberson*,
   2014 U.S. Dist. LEXIS 172040, at *18 .................................................................... 11

*Humphrey v. Stored Value Cards, Inc., et al.*,
   Ca No. 19-3467 (6th Cir.) ......................................................................................... 13

*In re Inter-Op Hip Prosthesis Liab. Litig.*,
   204 F.R.D. 330 (N.D. Ohio 2001) ............................................................................ 13

*In re Nasdaq Antitrust Litig.*,
   176 F.R.D. ................................................................................................................. 11

*In re Packaged Ice Antitrust Litig.*,
   No. 08-md-1952, 2010 WL 3070161, at *4-5 (E.D. Mich. Aug. 2, 2010). ............... 6

*Ohio Public Interest Campaign v. Fisher Foods, Inc.*,
   546 F. Supp. 1 (N.D. Ohio 1982) ............................................................................. 12

*Schulte v. Fifth Third Bank,*
   805 F. Supp. 2d 560, 591 (N.D. Ill. 2011) ............................................................... 14

*Tenn. Ass'n of Health Maint. Orgs., Inc. v. Grier*,
   262 F.3d 559, 565 (6th Cir. 2001) .............................................................................. 6

*Vukovich*,
   720 F.2d .................................................................................................................... 12

**Statutes**

15 USC § 1693 .................................................................................................................. 5

**Rules**

Fed. R. Civ. P. 23 ......................................................................................................... i, 8

Fed. R. Civ. P. 23(b)(3) ......................................................................................................... ii, 6

Fed. R. Civ. P. 23(e)(1)(B)-(C) ................................................................................................. 11

Rule 23(e) ................................................................................................................................. 11

Fed. R. Civ. P. 23(e)(1) ............................................................................................................ 12

Fed. R. Civ. P. 23(e)(2) ..................................................................................................... 12, 14

Fed. R. Civ. P. 23(e)(3) ............................................................................................................ 12

**Other Authorities**

Manual for Complex Litigation (Fourth) § 21.632-21.635 (2004) .............................................. 12

Manual for Complex Litigation (Third) § 30.41 (1995) ............................................................. 11

## MEMORANDUM IN SUPPORT[1]

### I. INTRODUCTION AND HISTORY

On April 3, 2018, Plaintiff Amber Humphrey filed suit against Stored Value Cards, Inc. d/b/a Numi Financial ("NUMI") and Republic Bank & Trust Company ("Republic") (collectively "Defendants") on behalf of herself and all other similarly situated individuals (collectively "Class Members") related to Defendants' issuance of pre-activated debit cards to inmates upon release from incarceration. Humphrey brought nationwide claims under the Electronic Funds Transfer Act ("EFTA") and also alleged conversion and unjust enrichment claims on behalf of an Ohio-only sub-class in connection with the fees charged by NUMI and Republic. The Parties engaged in vigorous litigation including broad discovery and extensive motion practice. On November 16, 2018, the Court granted Humphrey's contested motion for class certification and on January 8, 2019, denied Defendants' motion to dismiss and motion for summary judgment. (Docs. 55 and 67, respectively). The Court certified the following classes of individuals:

| EFTA Class | Ohio Conversion Class | Ohio Unjust Enrichment Class |
|---|---|---|
| All persons in the United States who were taken into custody at a jail, correctional facility, detainment center, or any other law enforcement facility, and upon release were issued a pre-activated debit card by Defendants to access a bank account containing any funds remaining in their inmate trust account within one year prior to the filing of the original Complaint in this | All persons in Ohio who were taken into custody at a jail, correctional facility, detainment center, or any other law enforcement facility, and upon release were issued a pre-activated debit card by Defendants containing any funds remaining in their inmate trust account and from which Defendants deducted any fees within four years prior to the filing of the original | All persons in Ohio who were taken into custody at a jail, correctional facility, detainment center, or any other law enforcement facility, and upon release were issued a pre-activated debit card by Defendants containing any funds remaining in their inmate trust account and from which Defendants deducted any fees within six years prior to the filing of the original |

---

[1] All defined terms shall have the same meanings used in the Stipulation of Settlement (Doc. 97-1).

5

| action and during its pendency. | Complaint in this action and during its pendency. | Complaint in this action and during its pendency. |

On March 21, 2019, the Parties conducted an in-person mediation before U.S. Magistrate Judge David Ruiz. Despite vigorous debates, the mediation did not result in a settlement. With Judge Ruiz's assistance and participation, the Parties continued negotiations over the next weeks. The Parties ultimately were able to reach a preliminary class settlement after a mediator's proposal constructed by Judge Ruiz. The terms of this settlement are memorialized in the attached Stipulation of Settlement. (*See* Exhibit 1). The settlement creates a $550,000 common fund to be distributed on a pro rata basis claims-made basis to the anticipated 180,000 Settlement Class Members. As more fully explained below, the settlement is fair, reasonable, and adequate and is in the best interests of the class.

Class action settlements must be approved by the court after a hearing is held and the court finds that the settlement is "fair, reasonable, and adequate." Fed. R. Civ. P. 23(e)(2). Before a final approval hearing may be held, the court must "preliminarily approve the proposed settlement," and "members of the class must be given notice." *Tenn. Ass'n of Health Maint. Orgs., Inc. v. Grier*, 262 F.3d 559, 565 (6th Cir. 2001) (citing *Williams v. Vukovich*, 720 F.2d 909, 920-21 (6th Cir. 1983)); *see also* Fed. R. Civ. P. 23(e)(1). Preliminary approval is meant to "ascertain whether there is any reason to notify the class members of the proposed settlement," in order to allow class members the opportunity to opt out and/or object to the settlement, after which the court may proceed to the final approval hearing. *In re Packaged Ice Antitrust Litig.*, No. 08-md-1952, 2010 WL 3070161, at *4-5 (E.D. Mich. Aug. 2, 2010).

For the reasons set forth below, the Court should: (1) preliminarily approve the Parties' proposed Settlement, (2) certify the Settlement Class for settlement purposes only, (3) approve the class notices for distribution, (4) appoint Named Plaintiffs as Class Representatives and Named

6

Plaintiffs' counsel as Class Counsel, and (5) set a date for the final approval hearing.

## II. SUMMARY OF THE PROPOSED CLASS ACTION SETTLEMENT

### A. Fed. R. Civ. P. 23(b)(3) Certification.

The Parties vigorously litigated this matter through contested class certification resulting in the certification of a nationwide class of released inmates affected by Defendants' conduct. (Doc. 55).[2] In addition to achieving class certification, Class Counsel successfully defeated Defendants' dispositive motions. (Doc. 67). This contested motion practice was coupled with extensive fact discovery that included written interrogatories, hundreds of thousands of pages of document production, depositions, and third-party discovery. After this intensive litigation and successful class certification, the Parties participated in protracted arm's-length negotiation with the assistance of a neutral mediator. The resulting settlement represents a hard-fought recovery for the Class Members.

### B. Settlement Payment.

Under the Stipulation of Settlement, Defendants will make a one-time settlement payment of $550,000.00 (the "Settlement Funds") to be deposited into an account within ninety (90) calendar days of the Court's preliminary approval of the Settlement. (Ex. 1, ¶ 2.4). This amount will be inclusive of attorney's fees and costs, a service award to Humphrey, payments to class members, and all costs of notice and claims administration of the Settlement. (*Id.*). Class Counsel may seek approval of fees expenses in an amount not to exceed Two Hundred Fifty Thousand Dollars ($250,000.00) of the Settlement Funds. (Ex. 1, ¶ 8.2). The Parties will retain a Settlement Administrator to handle notice and claims administration.

---

[2] In addition to certifying the class, the Court also named Matthew A. Dooley, Ryan M. Gembala and Stephen M. Bosak, Jr. of O'Toole, McLaughlin, Dooley & Pecora Co., LPA as Class Counsel.

There are approximately 180,000 Settlement Class Members who will receive check in a pro-rata amount to be determined by the Administrator upon the submission of a valid claim form.

### C. The Notice Program and Settlement Administration

Class Counsel will hire a third-party class action settlement administrator, American Legal Claim Services LLC (the "Settlement Administrator" or "ALCS"), to oversee the administration of the settlement and the notification to class members. (Ex. 1, ¶ 1.25). *See also* Doc 59-1. The Class Notice, which ALCS will disseminate, has been designed to give the best notice practicable, is tailored to reach members of the Settlement Class, and is reasonably calculated under the circumstances to apprise the Settlement Class of the Settlement and, specifically, each Settlement Class Member's rights (i) to make claims (including in the event they are eligible for direct deposit but choose an alternate method of payment), (ii) to exclude themselves from the Settlement, or (iii) to object to the Settlement's terms, or Class Counsel's anticipated fee application and request for a service award for Plaintiff. (*See* Exhibit A to Stipulation of Settlement, Doc. 97-2).

The Class Notice program includes: (i) direct mail notice; (ii) Facebook Custom Audience and Google Admail campaign notice; (iii) the creation of a Settlement Website; (iv) the creation of a toll-free telephone number; and (v) long-form notice with more detail than the direct mail or publication notices with claim forms, which will be available on a Settlement Website, and/or upon written or telephonic request. (Ex. 1, ¶ 4.1). All forms of Notice will include, among other information: (i) a context-appropriate description of the Settlement; (ii) the date by which Settlement Class Members may make a claim, exclude themselves from the Settlement Class, or object to the Settlement; (iii) the address of the Settlement Website; and (iv) the number of the toll-free telephone line. (*See* Exhibit A to Stipulation of Settlement, Doc. 97-2). The Class Notice plan constitutes sufficient notice to persons entitled to receive it, and satisfies all applicable

8

requirements of law, including Federal Rule of Civil Procedure 23 and the constitutional requirement of due process.

Requests for exclusion and Claim Forms (including requests to elect an alternate method of payment) must be sent to the Settlement Administrator and postmarked or, in the case of Claim Forms, completed through the Settlement Website before their respective deadlines. (Ex. 1, ¶5.5). Objections must be filed with the Court, with copies of the objections sent to the parties' counsel, by the objection deadline. (Ex. 1, ¶5.6).

### D. Mailed Notice

Defendants will provide the Settlement Administrator with a list of those members of the Settlement Class identified through their records, for which Defendants have reasonably accessible mailing address information. The Settlement Administrator will disseminate mailed notice to those persons and direct recipients to the Settlement Website or toll-free number for additional information, including the Long Form Notice or other papers if desired. *Id.* ¶¶ 4.1 and 4.2.

### E. Social Media Campaign

The Settlement Administrator will cause notice of the Settlement to appear in Facebook Custom Audience and Google Admail campaign notice. (Ex. 1, ¶ 4.1). This notice will refer Settlement Class Member to the Settlement Website.

### F. The Settlement Website and the Toll-Free Settlement Phone Line

The Settlement Administrator will establish a Settlement Website as a means for Settlement Class Members to obtain notice of, and information about, the Settlement. (Ex. 1, ¶ 4). The Settlement Website will include an electronic and printable copy of the Long Form Notice, information about the litigation and the Settlement, and important court documents. The Settlement Website will also include an electronic and printable Claim Form, which may be

submitted online or printed and mailed. *Id.* The Settlement Website shall be activated as soon as practicable following Preliminary Approval, and prior to commencement of the Notice Program. Id. *Id.*

The Settlement Administrator will also establish and maintain an automated toll-free telephone line for Settlement Class Members to obtain additional information about the Settlement. Id. *Id.*

### G. Settlement Administration

The Settlement Administrator's duties and responsibilities include, among other things: (i) establishing and maintaining a Post Office box for requests for exclusion from the Settlement Class; (ii) establishing and maintaining the toll-free telephone line for Settlement-related inquiries; (iii) establishing and maintaining the Settlement Website; (iv) handling any mailed Class Member inquiries; (v) processing requests for exclusion; (vi) tracking and processing Claims Forms; and (vii) taking all other steps the parties deem appropriate to effectuate the Settlement. *Id.*

### H. Service Award, Attorneys' Fees, and Costs

Defendants will also not oppose Class Counsel's request for a reasonable service award of $15,000 and attorneys' fees and costs up to $250,000. Ex. 1 ¶¶ 8.2 and 8.4. The requested award of attorney's fees is inclusive of litigation costs. The service award will compensate Plaintiff for her time and effort in this matter, for participation in the settlement process, and for the risks she undertook in prosecuting this action.

### I. Narrow Release

The scope of the release to which each class member would be bound was a substantial point of negotiation. The Settlement Agreement narrowly tailors the release provided by Class Members to the claims and issues in this case.

Settlement Class Members who do not opt-out, will release Defendants and related persons from all claims resulting from, arising out of, or in any way connected to the issuance of pre-paid debit cards by Defendants during the class period. The class has agreed to this release in exchange for the cash payments it will receive under the Settlement Agreement, which are intended to compensate class members for any possible harm that they might have alleged in this case had it proceeded to trial.

### J. Uncashed or Expired Settlement Checks

Settlement Checks that are returned, undeliverable, or remain uncashed for sixty (60) days from the date upon which they were mailed class members will have no legal or monetary effect. Any remaining funds will be distributed to approved *cy pres* beneficiaries. Ex. 1, ¶ 5.7. No amount of the Settlement Funds will revert to Defendants.

### III. THE NOTICE PROGRAM IS APPROPRIATE AND SHOULD BE APPROVED

For due process purposes, "notice to class members must be reasonably calculated under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." *Glaberson*, 2014 U.S. Dist. LEXIS 172040, at *18; *see Eisen v. Carlisle & Jacquelin*, 417 U.S. 156, 173 (1974). Notice should be the best practicable under the circumstances, including notice to all members who can be identified through reasonable efforts. *See Eisen*, 417 U.S. at 173.

The proposed Notice plan – collectively, direct mailed notice, social media notice, and a dedicated Settlement Website and toll-free telephone line – satisfies due process. Indeed, the notices certainly are "'reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections.'" *Gen. Motors*, 497 F.3d at 629 (quoting *Mullane v. Cent. Hanover Bank & Trust Co.*, 339 U.S. 306,

11

314 (1950)); *see* Fed. R. Civ. P. 23(e)(1).

## IV.    PRELIMINARY APPROVAL OF PROPOSED CLASS SETTLEMENT

In preliminarily approving a class settlement, the Court evaluates whether the settlement is "fair, reasonable, and adequate." Fed. R. Civ. P. 23(e)(2); *see also Whitlock v. FSL Mgmt., LLC*, 843 F.3d 1084, 1093 (6th Cir. 2016). "At the stage of preliminary approval, the questions are simpler, and the court is not expected to, and probably should not, engage in analysis as rigorous as is appropriate for final approval." *Elliott v. LVNV Funding, LLC*, No. 3:16-cv-00675, 2019 WL 4007219, at *7 (W.D. Ky. Aug. 23, 2019) (quoting *Spine & Sports Chiropractic, Inc. v. ZirMed, Inc.*, No. 3:13-cv-00489, 2015 WL 1976398, at *1 (W.D. Ky. May 4, 2015) (additional quotations omitted). Recent revisions to the Federal Rules now provide district courts with factors to consider when making the preliminary approval decision, including whether:

(a) the class representatives and class counsel have adequately represented the class;

(b) the proposal was negotiated at arm's length;

(c) the relief provided for the class is adequate, taking into account: (i) the costs, risks, and delay of trial and appeal; (ii) the effectiveness of any proposed method of distributing relief to the class, including the method of processing class-member claims; (iii) the terms of any proposed award of attorney's fees, including timing of payment; and (iv) any agreement required to be identified under Rule 23(e)(3); and

(d) the proposal treats class members equitably relative to each other.

Fed. R. Civ. P. 23(e)(2). Each of these factors weigh in favor of preliminary approval.

First, the Court already recognized that Humphrey and Class Counsel satisfied Rule 23's adequacy requirement when it granted class certification. (Doc. 55). Likewise, Humphrey and Class Counsel have adequately represented the Class Members' interests in obtaining a settlement here. The proposed settlement required extensive and protracted negotiations conducted at arm's length with the assistance of Judge Ruiz, which weighs heavily in favor of preliminary approval.

*See e.g.*, *Hainey v. Parrot*, 617 F. Supp. 2d 688, 673 (S.D. Ohio 2007) ("The participation of an independent mediator in the settlement negotiations virtually insures that the negotiations were conducted at arm's length and without collusion between the parties."); *and In Re Inter-Op Hip Prosthesis Liab. Litig.*, 204 F.R.D. 330, 351 (N.D. Ohio 2001) ("[W]hen a settlement is the result of extensive negotiations by experienced counsel, the Court should presume it is fair.")

The relief provided for the class also is adequate given the outstanding risks remaining from appeal and trial. Here, the Class Members face substantial risk from the pending interlocutory appeal on the issue of whether Defendants' pre-paid cards were subject to EFTA regulation at the time of Humphrey's suit. *See Humphrey v. Stored Value Cards, Inc., et al.*, CA No. 19-3467 (6th Cir.). If Defendants prevail before the Sixth Circuit, Humphrey's EFTA class claims would be dismissed, and these Class Members would get no relief at all. The same risk exists if Humphrey is unsuccessful at trial. Equally important, with the pending appeal, a successful trial is still many months, if not more than a year away. The proposed settlement provides tangible monetary relief and avoids the extensive risk and delay of the pending interlocutory appeal and trial.

Moreover, given the extensive size of the classes, the Parties have agreed to a robust notice and claims process designed to reach the maximum number of class members. The Class Notice program includes: (i) direct mail notice; (ii) Facebook Custom Audience and Google Admail campaign notice; (iii) the creation of a Settlement Website; (iv) the creation of a toll-free telephone number; and (v) long-form notice with more detail than the direct mail or publication notices with claim forms, which will be available on a Settlement Website, and/or upon written or telephonic request. (Ex. 1, ¶ 4.1). The combination of direct mail notice and targeted online advertisements is the best notice practicable under the circumstances.

The Parties also have proposed multiple ways to submit a claim form that will encourage the submission of claims. Class Members receiving the direct notice will be able to submit a written claim form or will be able to submit one through the Settlement Website. A toll-free telephone number also will be available to assist Class Members in filing claims. *See Schulte v. Fifth Third Bank*, 805 F. Supp. 2d 560, 591 (N.D. Ill. 2011) (noting that the parties' use of a settlement website and toll-free number suggests that the claims process was designed to encourage—not discourage—the filing of claims) (citing *In re Nasdaq Market-Makers Antitrust Litig.*, No. 94-cv-3996, 2000 WL 37992, at *4-5 (S.D.N.Y. Jan. 18, 2000) (recognizing that the use of "electronic claim forms is likely to contribute to a far larger number of claims.") Those Class Members that submit a valid claim form will be issued a check with their pro-rata share from the Settlement Funds.

Class Counsel's requested award of attorney's fees and costs does not render the proposed settlement inadequate. Importantly, Class Counsel's requested award will not be paid until after final approval of the settlement. *See* Fed. R. Civ. P. 23(e)(2)(C)(iii).

As previously noted, Class Members that submit a valid claim form will receive a pro-rata portion of the Settlement Funds (less class administration costs, Humphrey's service award, and an award of attorney's fees and costs). Thus, Class Members will be treated equitably relative to one another, and this factor weighs in favor of preliminary approval. Likewise, given the extensive negotiations between the Parties and the diligent work of Judge Ruiz, the proposed settlement is fair, reasonable, and adequate.

## V. CONCLUSION

For the foregoing reasons, Humphrey respectfully request the Court grant her motion and enter the Preliminary Approval Order:

    (1)    preliminarily approving a proposed class settlement,

    (2)    scheduling a fairness hearing, and

    (3)    approving the form and manner of notice proposed to be sent to all members of the Classes.

Defendants do not oppose the relief requested pursuant to Section 5.1 of the Stipulation of Settlement.

                            O'TOOLE, McLAUGHLIN, DOOLEY
                            & PECORA CO., LPA

                            /s/    Matthew A. Dooley
                            Matthew A. Dooley (0081482)
                            Ryan M. Gembala (79431)
                            Stephen M. Bosak (92443)
                            5455 Detroit Road
                            Sheffield Village, Ohio  44054
                            Telephone:    (440) 930-4001
                            Facsimile:    (440) 394-7208
                            Email:    mdooley@omdplaw.com
                                                rgembala@omdplaw.com
                                                sbosak@omdplaw.com
                            *Class Counsel*