# EXHIBIT 1

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF OHIO
## EASTERN DIVISION

**AMBER HUMPHREY, On behalf of herself and all others similarly situated,**

Plaintiff,

vs.

**STORED VALUE CARDS, INC. d/b/a NUMI FINANCIAL, et al.,**

Defendants.

CASE NO.  1:18-CV-01050

UNITED STATES JUDGE GWIN

## STIPULATION OF SETTLEMENT

This matter is before the Court for approval of the terms and conditions of a Stipulation of Settlement ("Stipulation") made and entered into, as of September 20, 2019  by and among Named Plaintiff, Amber Humphrey ("Humphrey") on behalf of herself and the Class Members (as defined below), and Defendants Stored Value Cards, Inc. d/b/a Numi Financial ("NUMI") and Republic Bank & Trust Company ("Republic") (collectively the "Settling Parties"). This Stipulation is intended by the Settling Parties to fully, finally and forever resolve, discharge and settle the Released Claims (as defined below), upon and subject to the terms and conditions hereof and subject to the Court's approval ("Settlement"). The Stipulation by the Settling Parties, as represented by counsel, is as follows:

## I.       RECITALS

On April 3, 2018, Humphrey filed a lawsuit in the United States District Court for the Northern District of Ohio, Eastern Division, styled *Amber Humphrey, On behalf of herself and all others similarly situated v. Stored Value Cards, Inc. d.b.a Numi Financial, et al.*, *Case: 1:18-cv-*

*01050* ("the Civil Action").  The Civil Action was filed on behalf of consumers residing in the United States who were taken into custody by law enforcement officials and who, upon release, were issued pre-activated debit cards and charged fees by Republic and NUMI. The Civil Action alleges that NUMI and Republic violated certain provisions of Electronic Funds Transfer Act, 15 USC 1693 *et seq.* ("EFTA") in connection with their issuance of pre-activated debit cards. Additionally, the Civil Action alleges conversion and unjust enrichment claims on behalf of an Ohio-only sub-class in connection with the fees charged by NUMI and Republic.

The Civil Action seeks to recover damages per consumer, and attorneys' fees and costs. Humphrey and the Class are represented by Matthew A. Dooley, Ryan M. Gembala and Stephen M. Bosak, Jr. of the law firm of O'Toole, McLaughlin, Dooley & Pecora, Co., LPA ("Class Counsel"). NUMI is represented by Eric J. Nystrom of Fox Rothschild and Laura Schultz and Robert F. Ware of Thompson Hine. Stuart M. Richter and Gregory S. Korman of Katten Muchin Rosenman and Laura Schultz and Robert F. Ware of Thompson Hine represent Republic Bank & Trust Company.

Following the filing of the Civil Action, the Settling Parties engaged in extensive discovery through which NUMI and Republic provided Class Counsel with information concerning, among other things, the number of individuals who were taken into custody by law enforcement officials and who, upon release, were issued pre-activated debit cards and charged fees by Republic and NUMI during the Class Period. After the exchange of discovery, the Settling Parties engaged in contentious motion practice. Ultimately, three classes were certified, and Humphrey and the Class Members were granted partial summary judgment in their favor on the EFTA claims. On May 23, 2019, the Sixth Circuit Court of Appeals granted interlocutory appeal on the summary judgment finding.

In the interim, the Settling Parties agreed to mediate their dispute. The Parties first attended mediation on March 21, 2019, with U.S. Magistrate Judge David Ruiz. This first day of mediation consisted of vigorous debate pertaining to class size, limitations of class periods and weaknesses and strengths of arguments on appeal. Because the Parties were at an impasse, they adjourned uncertain as to whether the matter could ultimately be settled.  The Settling Parties thereafter agreed to continue negotiations through Judge Ruiz by attending over a dozen telephone conferences. Eventually, Judge Ruiz issued a mediator's proposal, which was accepted by all parties.  The terms of the settlement are as described herein.

## II.     NUMI AND REPUBLIC'S DENIAL OF WRONGDOING AND LIABILITY

NUMI and Republic deny all claims of wrongdoing or liability against them arising out of any of the conduct, statements, acts or omissions alleged, or that could have been alleged, in the Civil Action. It is NUMI's and Republic's contention that they acted at all times in good-faith compliance with the EFTA and all other applicable laws. Notwithstanding their legal position and denial of wrongdoing, NUMI and Republic desire to avoid the expense and uncertainty inherent in any litigation, especially in complex cases like the Civil Action. NUMI and Republic have determined that it is desirable and beneficial that the Civil Action be settled in the manner and on the terms and conditions set forth in this Stipulation.

## III.    CLAIMS OF CLASS MEMBERS AND BENEFITS OF SETTLEMENT

Humphrey believes that the claims asserted in the Civil Action have merit and that, if the case did not settle, she would prevail at trial. However, Humphrey and Class Counsel recognize and acknowledge the expense and length of continued proceedings necessary to prosecute the Civil Action against NUMI and Republic through trial and through appeals. Humphrey and Class Counsel also have taken into account the uncertain outcome and the risk of any litigation including

3

the risk of an adverse outcome in the Court of Appeals proceedings. Humphrey and Class Counsel believe that the settlement set forth in this Stipulation confers substantial benefits on the Settlement Class and is fair, reasonable and adequate, and in the best interests of Humphrey and the Settlement Class.

## IV.     TERMS OF THE STIPULATION AND AGREEMENT OF SETTLEMENT

NOW, THEREFORE, IT IS HEREBY STIPULATED AND AGREED by and among the Settling Parties, by and through their respective attorneys, that, subject to the approval of the Court, the Civil Action and the Released Claims shall be finally and fully compromised, settled, and released subject to the terms and conditions of the Stipulation as follows:

## 1.  Definitions

1.1     "CAFA" means the Class Action Fairness Act of 2005, 28 U.S.C. § 1711, *et seq*.

1.2     "Cardholder" means any person issued a Debit Card under the Debit Card Program.

1.3     "Civil Action" means the lawsuit styled *Amber Humphrey, On behalf of herself and all others similarly situated v. Stored Value Cards, Inc. d.b.a Numi Financial, et al., Case: 1:18-cv-01050* in The United States District Court for the Northern District of Ohio, Eastern Division.

1.4     "Claim" means a written request submitted electronically via the Settlement Website or by mail by a Settlement Class Member, consistent with the provisions of this Agreement, seeking a payment in connection with the Settlement.

1.5     "Claimant" means a Settlement Class Member who submits a claim.

1.6     "Class Counsel" means Matthew A. Dooley, Ryan M. Gembala and Stephen M. Bosak, Jr. of the law firm of O'Toole, McLaughlin, Dooley & Pecora, Co., LPA.

4

1.7　　"Class Member(s)" means any member(s) of the EFTA Class, Ohio Conversion Class and Ohio Unjust Enrichment Class, as set forth in 2.1 below, but specifically does not include those individuals who timely opt-out of the Settlement as forth in 5.5.

1.8　　"Class Notice" means the form of notice to be provided to the Settlement Class after preliminary approval of this Stipulation by the Court, as further described in Sections 4.1 and 4.2 herein.

1.9　　"Court" means the United States District Court for the Northern District of Ohio, Eastern Division.

1.10　　"Debit Card" means a prepaid debit card that is issued to an inmate, upon that inmate's release from a correctional facility, as part of the Debit Card Program.

1.11　　"Debit Card Program" means the U.S. Debit Card program that is the subject of the Civil Action.

1.12　　"Defendants" mean NUMI and Republic.

1.13　　"Effective Date" means the second business day after all of the following events have occurred:

a. All Parties, NUMI's counsel, Republic's Counsel, and Class Counsel have executed this Agreement;

b. The Court has entered Judgment without material change to the Parties' agreed-upon proposed Judgment as described in Section 10; and

c. The later of:  The time for seeking rehearing or appellate or other review of the Judgment has expired and no appeal or petition for rehearing or review has been timely filed; or the Settlement is affirmed on appeal or review without material change, no other appeal or petition for rehearing or review is pending, and the time period during which further petition for hearing, review, appeal, or certiorari could be taken has finally expired.

Notwithstanding the foregoing, the Effective Date shall not be earlier than 35 days after entry of Judgment.

1.14    "Final Fairness Hearing" means the hearing at which the Court will consider final approval of this Stipulation and Settlement.

1.15    "Judgment" means a judgment entered by the Court in the Civil Action granting final approval of the Settlement and entering a judgment according to the terms set forth in this Stipulation.

1.16    "Incentive Award" means the one-time payment to the Named Plaintiff for the time and resources she has put into representing the Class Members, as set forth in 8.4.

1.17    "Named Plaintiff" means Amber Humphrey.

1.18    "Notice Deadline" means 90 days after Preliminary Approval.

1.19    "Notice Order" means the order proposed and submitted by the Settling Parties as set forth in 5.1.

1.20    "Opt-Out" means to timely request exclusion from the Settlement pursuant to Fed. R. Civ. P. 23(c)(2)(B).

1.21    "Preliminary Approval" means the date on which the Court enters, without material change, an order preliminarily approving the Settlement and Notice in the form jointly agreed upon by the Parties.

1.22    "Released Claims" means all claims that have been or could have been alleged in the Civil Action by Class Members (including "Unknown Claims" as defined herein), demands, rights, liabilities, and EFTA State Equivalents, whether class or individual in nature, known or unknown, concealed or hidden, that were alleged in, arising out of or related to the Civil Action.

1.23    "Released Defendants" means NUMI and Republic and their current and former parents, subsidiaries, affiliates, divisions, associates, agents, successors, assignors, assignees, and/or assigns and their respective subsidiaries, affiliates, divisions, associates, agents, successors,

assignors, assignees and/or assigns, and each of their respective present, former or future officers, directors, shareholders, owners, agents, control persons, advisors, employees, representatives, consultants, insurers and reinsurers, accountants, attorneys, and any representative of the above.

1.24    "Settlement" means the terms and conditions of settlement as described in this Stipulation.

1.25    "Settlement Administrator" means American Legal Claim Services LLC, which has been selected by Class Counsel and approved by NUMI and Republic to administer the settlement pursuant to this Stipulation and orders of the Court.

1.26    "Settlement Class" means any Class Member(s) of the EFTA Class, Ohio Conversion Class and Ohio Unjust Enrichment Class, as set forth in Sections 2.1 and 2.2.

1.27    "Settlement Funds" means the amounts set forth in Sections 2.3 and 2.4.

1.28    "Settling Parties" means Named Plaintiff and Defendants as described in Sections 1.9 and 1.20.

1.29    "Stipulation" means this Stipulation of Settlement, including its exhibits.

1.30    "Termination Notice" shall have the meaning set forth in Section 9 below.

## 2.  The Settlement

2.1    The Court previously certified the following Classes:

| EFTA Class | Ohio Conversion Class | Ohio Unjust Enrichment Class |
|---|---|---|
| All persons in the United States who were taken into custody at a jail, correctional facility, detainment center, or any other law enforcement facility, and upon release were issued a pre-activated debit card by Defendants to access a bank account containing any funds | All persons in Ohio who were taken into custody at a jail, correctional facility, detainment center, or any other law enforcement facility, and upon release were issued a pre-activated debit card by Defendants containing any funds remaining in their inmate | All persons in Ohio who were taken into custody at a jail, correctional facility, detainment center, or any other law enforcement facility, and upon release were issued a pre-activated debit card by Defendants containing any funds remaining in their inmate |

7

| remaining in their inmate trust account within one year prior to the filing of the original Complaint in this action and during its pendency. | trust account and from which Defendants deducted any fees within four years prior to the filing of the original Complaint in this action and during its pendency. | trust account and from which Defendants deducted any fees within six years prior to the filing of the original Complaint in this action and during its pendency. |
|---|---|---|

(Doc. 55, p. 15)

2.2     The Settling Parties agree that the Classes collectively consist of approximately 180,000 individuals, and that Class Size is a material term of the Settlement.  NUMI and Republic are stipulating to class treatment only for purposes of the Settlement.  If the Settlement is not approved by the Court or is not implemented for any reason, then NUMI and Republic reserve all rights they may have to challenge certification of the Classes and any of them.

2.3     Subject to approval by the Court, the total cash consideration to be provided by NUMI and Republic to members of the Classes pursuant to the Settlement shall be $550,000 (the "Settlement Funds").

2.4     The Settlement Funds shall be deposited into an interest-bearing escrow account maintained by the Settlement Administrator within 90 calendar days of the Court's Preliminary Approval in settlement of all claims set forth in the Civil Action and released herein. This Settlement Funds include all payments to the Class Members, who filed a valid claim form, attorneys' fees and costs and any service award approved by the Court and all costs of Settlement Notice and Claims Administration of the Settlement.

2.5     All funds held by the Claims Administrator shall be deemed and considered to be in *custodia legis* of the Court, and shall remain subject to the jurisdiction of the Court, until distributed pursuant to this Agreement.

2.6     All funds held by the Claims Administrator at any time shall be deemed to be a Qualified Settlement Fund as described in Treasury Regulation §1.468B-1, 26 C.F.R. §1.468B-1.

8

2.7     The Settlement Funds shall be disbursed as outlined below:

    a.  Each Class Member who submits a valid claim form is entitled to a cash payment from which the Settlement Administrator shall deduct any attorneys' fees and costs, service payment and cost of Notice and Administration approved by the Court.

    b.  Settlement Class Members who file a valid claim form will receive a check mailed to them by the Settlement Administrator.

    c.  Should the Settlement Administrator have more than $50,000 in Settlement Funds remaining after the distribution described in Section 2.7(b) above, Class Counsel may petition the Court for a second distribution to Class Members. The cost of any such second distribution to be paid from the remaining Settlement Funds.

    d.  All Settlement Notice and Administration costs incurred by the Settlement Administrator shall be paid from the Settlement Funds.

    e.  Under no circumstances shall NUMI and/or Republic be required to pay more than $550,000 in Settlement Funds.

## 3. Release

3.1     Upon the Effective Date, each member of the Settlement Class who has not opted out of the proposed settlement, and each of their respective spouses, executors, representatives, heirs, successors, bankruptcy trustees, guardians, wards, joint tenants, tenants in common, tenants in the entirety, co-borrowers, agents, successors, assignees and assigns, and all those others who also claim through them or who assert claims on their behalf shall be deemed to have, and by operation of the Judgment shall have, fully, finally, and forever released, relinquished and discharged all Released Claims against the Released Defendants. The Parties hereby acknowledge that the Released Defendants are expressly intended beneficiaries of this Release.

Also, upon the Effective Date, Humphrey and each Class Member shall be permanently enjoined and barred from filing, commencing, prosecuting, intervening (as class members or otherwise) or receiving any benefits from any lawsuit, arbitration, administrative or regulatory proceeding arising from any of the Released Claims.

**4. Settlement Administrator's Duties and Responsibilities**

4.1     The Settlement Administrator will: (a) take all commercially reasonable measures to obtain a current and verified mailing and electronic addresses for each class member; (b) prepare and mail notices to each member of the Settlement Class at their verified address, or if a verified address cannot be obtained then to their electronic mail address, in a similar form as the notice and claim form attached hereto as Exhibit A within 90 days of the Court's preliminary approval of this Stipulation, notifying him or her of his or her right to participate in the settlement or to object to, or opt out of, the settlement ("Class Notice"); (c) create a Facebook Custom Audience and Google Admail campaign to supplement traditional post card notice; (d) establish and operate the website http://www.NUMICARDSETTLEMENT.com ("Notice Website") to provide the Class Notice, Claim Form and other information to Settlement Class members; (e) receive and administer claim forms from Settlement Class members; (f) calculate the pro rata payments to Class Members; (g) seek additional information from Settlement Class members, Class Counsel or Defense Counsel, when appropriate or necessary; (h) receive and file opt-out statements and objections; (i) respond to questions from Class Members; (j) handle the disbursement of payment to Class Members; (k) handle and administer the disbursement of payments to any *cy pres* entities as agreed to by the Settling Parties and approved by the Court as well as any disbursement of remaining funds in the Settlement Funds; (lk) perform any other duties necessary to carry out its responsibilities set forth in this Stipulation; and (m) file any necessary tax returns for the Settlement Fund.

4.2     The Class Notice will be sent to the last known address that can be contemporaneously verified and/or the electronic mail address of the Settlement Class Member. Such verification shall be made through generally recognized databases (e.g. Accurint, Experian Address Update, etc.), the National Change of Address ("NCOA") database and, as necessary, through the Class Member's consumer credit report. To obtain this information in accordance with 15 U.S.C. § 1681b(a)(1), the Settling Parties may jointly move the Court to permit the Settlement Administrator to obtain information from these sources. If such verified address is still unavailable, the Settlement Administrator shall be responsible to send the Class Notice by First Class U.S. Mail, postage prepaid to the last known mailing address available for each member of the Settlement Class. These postal addresses shall be checked and updated against the NCOA database.

4.3     The Settlement Administrator shall retain and track returned or undeliverable mail. In the event that more than 25% of the class notices are undelivered, Class Counsel may at their discretion petition the Court to permit an additional notice process for the Class Members to whom the undelivered mail was addressed.

4.4     Within 30 days of the final distribution of the Settlement Funds, the Settlement Administrator will furnish a final, written accounting of all distributions from the Settlement Fund to Class Counsel and Defense Counsel.

4.5     Within 30 days of the final distribution of the Settlement Funds, the Settlement Administrator will take any and all action necessary to remove and dismantle the Notice Website.

**5.  Notice of Order and Final Fairness Hearing**

5.1     After execution of this Stipulation, Humphrey shall apply, and NUMI and Republic will not object, to the Court for preliminary approval of the Settlement set forth in this Stipulation. It is contemplated that this application will be filed on or before September 20, 2019.

11

Humphrey shall submit to the Court the Stipulation, together with its Exhibits, and shall apply for entry of an order (the "Notice Order"), substantially in the form and content of Exhibit B hereto, requesting, *inter alia*, (a) preliminary approval of the Settlement, (b) preliminary certification of the Settlement Class, and (c) approval for the distribution of the Class Notice substantially in the form and content of Exhibit A hereto, and (d) a time and date for the Final Fairness Hearing.

5.2     Class Counsel and the Settlement Administrator shall design the Class Notice to maximize its readability and the likelihood that it will be read and considered by Settlement Class members.

5.3     All Class Members who do not opt out within 60 days from the date they were sent the Class Notice shall be bound by the terms of the Settlement.

5.4     Each Class Member shall be informed in the Class Notice that he or she is entitled to the cash funds upon the submission of a valid claim form, as set forth in Section 2.5. The Administrator shall mail checks to the Class Members within 60 days from the Effective Date. The proceeds to be paid to Class Members thereby shall not become the property of the Class Member until and unless he or she receives payment.

5.5     A Class Member may request to be excluded ("Opt-Out") from the Settlement Class by sending a written request for exclusion to the Settlement Administrator at the address provided in the Notice. The Settlement Class member's Opt-Out request must contain his or her original signature, current postal address and a specific statement that the Settlement Class member wants to be excluded from the Settlement Class. Opt-Outs must be postmarked no later than the deadline set by the Court in the Notice Order. In no event shall persons who purport to opt out of the Settlement Class as a group, on an aggregate basis or as a class involving more than one Settlement Class member, be considered valid Opt-Outs. Requests for exclusion that do not

comply with any of the foregoing requirement are invalid.  No later than seven business days after the deadline for submission of requests for exclusion, the Settlement Administrator shall provide Class Counsel and Defense Counsel with a complete list of all persons who have properly opted out of the Settlement together with copies of the opt-out requests.

5.6    Any Settlement Class member who does not Opt Out, but who instead wishes to object to the Settlement or any matters as described in the Class Notice, may do so by sending a written notice of intention to object, which shall set forth each objection and the basis therefore and containing the objecting Settlement Class member's signature, together with any papers in support of their position, to the Court, Class Counsel, and Defense Counsel. Objections must be filed and served no later than the deadline set by the Court in the Notice Order. The objection must indicate whether the Settlement Class member and/or his attorney(s) intends to appear at the Final Fairness Hearing. Any attorney who intends to appear at the Final Fairness Hearing must enter a written Notice of Appearance of Counsel with the Clerk of Court no later than the deadline set by the Court in the Notice Order.

5.7    It is the intention of the Settling Parties to completely distribute the Settlement Funds. In the event that checks mailed to Class Members are returned as undeliverable or otherwise not used before becoming stale or void, and/or that the Settlement Funds are not completely distributed for any reason (other than as specified in Section 9 of this Stipulation), a second distribution shall be made. Following subsequent distributions should the remaining sum shall be below $50,000 it will be distributed to a *cy pres* beneficiary approved by the Court.

5.8    The Settling Parties agree to seek a Final Fairness Hearing date approximately 210 days from the date of preliminary approval of the settlement.

**6. Final Fairness Hearing Judgment and Notice**

6.1     The Final Fairness Hearing, as established in the Notice Order, shall be for the purpose of consideration of final approval of the Settlement set forth in the Stipulation.

6.2     On or before the Final Fairness Hearing, the Claims Administrator will certify to the Court that it has fully complied with the notice provisions set forth in Section 4.2 herein.

**7. Administration and Supervision of the Settlement Fund**

7.1     Class Counsel, by and through the Settlement Administrator, will oversee the Class Notice, class administration and distributions from the Settlement Funds in accordance with this Stipulation. On completion of the administration of the Settlement, Class Counsel and the Administrator shall provide or cause to be provided to the Court a final, written report on the administration of the Settlement and Settlement Funds.

7.2     No Person shall have any claim against Class Counsel, Named Plaintiff, Released Defendants, or Defense Counsel based on the monetary payments made substantially in accordance with this Stipulation and the Settlement contained herein, or further order(s) of the Court.  Each Class Member is solely responsible for the payment of any tax that, under the law, is the responsibility of each Class Member with respect to any payment to be made pursuant to this Stipulation. Class Counsel, NUMI and Republic make no warranties or representations concerning the deductibility, or lack thereof, of any payment made pursuant to this Stipulation, and no person shall have any claim of any kind against Released Defendants or Class Counsel related to payment or non-payment of any tax related to any payment made to a Class Member pursuant to this Stipulation.

**8. Class Counsel's Attorneys' Fees, Reimbursement of Expenses and Payment of Additional Costs**

8.1     The Settlement Administrator will pay the cost of the Class Notice and other fees

14

and costs associated with any and all of its responsibilities under this Stipulation using the Settlement Funds, as described in Section 2.4.

8.2     In advance of the Court's deadline for submission of objections, Class Counsel shall make an application to the Court for an award from the Settlement Funds for attorneys' fees, costs, and other expenses in an amount not to exceed $250,000 of the Settlement Funds. NUMI and Republic will not object to or oppose such an award in an amount of $250,000 or less. Said award is to be paid five days after Judgment. Should there be a successful appeal of Judgment, said award may be subject to refund

8.3     If the award of attorneys' fees and expenses in the Judgment approving the Settlement is reversed, vacated, modified, and/or remanded for further proceedings, Class Counsel shall not be obligated to return any portion of the Settlement Funds used to fund class notice and administration of the settlement, unless a portion of those funds are left unused.

8.4     Humphrey shall make an application to the Court for an Incentive Award from the Settlement Funds in an amount not to exceed $15,000 (the "Incentive Award") as an award and compensation for serving as the class representative, which shall be in addition to any other sum she may receive as a Class Member. NUMI and Republic shall not oppose or object to this application.

## 9.  Conditions of Settlement, Effect of Disapproval, Cancellation, or Termination

9.1     Humphrey, NUMI or Republic at either of their sole discretion, shall each have the right to terminate the Settlement and this Stipulation, if any of the following conditions subsequently occurs ("Terminating Events"):

      a.  the Court refuses to preliminarily (pursuant to Section 5.1 above) or permanently approve this Stipulation or any material part of it;

b.  the Court requires a notice program in addition to or substantially different from that set forth herein;

c.  the Court orders Republic and NUMI to pay, with respect to the Civil Action, any amount above the Settlement Funds, other than as provided herein;

d.  the Court declines to enter the Judgment in any material respect; or

e.  the Judgment is reversed, vacated or modified in any material respect by the Sixth Circuit Court of Appeals or the United States Supreme Court.

9.2     The Released Defendants in their sole discretion also shall have the right to terminate the Settlement and this Stipulation, if more than 10% of the Settlement Class Members elect to Opt-Out.

9.3     The failure of the Court or any appellate court to approve in full the request by Class Counsel for attorneys' fees, an Incentive Award, costs and other expenses shall not be grounds for Humphrey, the Settlement Class, or Class Counsel, to terminate this Stipulation.

9.4. If either party exercises their respective rights to terminate this Settlement and Stipulation pursuant to Section 9.1 or 9.2 herein, they shall terminate the Settlement and this Stipulation, by delivering written notice of the electing party's election to do so ("Termination Notice") to all other parties hereto within 30 days of a Terminating Event or within 30 days of any event described in Section 9.2 above. In the event a Termination Notice is so provided, then the Settlement and this Stipulation shall be canceled and terminated unless and until Class Counsel and Defense Counsel mutually agree in writing to proceed with the Stipulation.

9.5     In the event that the Settlement and this Stipulation are terminated as provided for herein, then: (a) this Stipulation shall be null and void and of no further force and effect; (b) the Settling Parties shall be restored to their respective positions in the Civil Action immediately prior

to the execution of this Stipulation; (c) any portion of the Settlement Funds not already used to fund notice and administration shall be returned to NUMI and Republic together with any interest earned thereon; (d) this Stipulation shall not be used in the Civil Action or in any other proceeding for any purpose; and (e) any judgment or order entered by the Court in accordance with the terms of the Stipulation shall be treated as vacated, *nunc pro tunc*.

**10. Judgment**

10.1    The Settling Parties shall jointly seek entry by the Court of a Judgment that includes provisions:

    a.    granting final approval of this Stipulation, and directing its implementation pursuant to its terms and provisions;

    b.    ruling on Class Counsel's application for attorneys' fees, costs and other expenses;

    c.    discharging and releasing the Released Defendants from the Released Claims as provided in Section 3 above; and

    d.    reserving to the Court continuing and exclusive jurisdiction over the Settling Parties with respect to the Stipulation and the Judgment.

**11.    Miscellaneous Provisions**

11.1    Within 10 days of the filing of the motion for preliminary approval, NUMI and Republic, at their own expense, shall serve or cause to be served a notice of the proposed Settlement, in conformance with the requirements of the Class Action Fairness Act, 28 U.S.C. § 1715(b)

11.2    The Settling Parties: (a) acknowledge that it is their intent to consummate this agreement; and (b) agree to cooperate to the extent reasonably necessary to effectuate and

implement all terms and conditions of this Stipulation and to exercise their best efforts to accomplish the foregoing terms and conditions of this Stipulation.

11.3     Neither NUMI and Republic nor Humphrey will encourage any person to request exclusion from membership in the Settlement Class, encourage any person to object to the Settlement, and/or encourage or discourage any person from participating in the distribution of the proceeds of the Settlement.

11.4     Each Person executing the Stipulation or any of its Exhibits on behalf of any party hereto hereby warrants that such Person has the full authority to do so.

11.5     Class Counsel, on behalf of the Settlement Class, is expressly authorized by Humphrey to take all appropriate action required or permitted to be taken by the Settlement Class pursuant to the Stipulation to effectuate its terms and also are expressly authorized to enter into any modifications or amendments to the Stipulation on behalf of the Settlement Class which they deem appropriate.

11.6     This Stipulation shall be binding on, and inure to the benefit of, the successors and assigns of the Settling Parties, unless it is vacated by the Court or terminated pursuant to Section 9.

11.7     Neither the Stipulation nor the Settlement, nor any act performed or document executed pursuant to or in furtherance of the Stipulation or the Settlement: (a) is or may be deemed to be or may be used as an admission of, or evidence of the validity of any Released Claim, or of any wrongdoing or liability of Defendants; or (b) is or may be deemed to be or may be used as an admission of, or evidence of, any fault or omission by the Released Defendants in any civil, criminal or administrative proceeding in any court, administrative agency or other tribunal. Released Defendants may file the Stipulation and/or the Judgment in any action that may be

18

brought against it in order to support a defense or counterclaim based on principles of *res judicata*, collateral estoppel, release, good faith settlement, judgment bar or reduction, or any other theory of claim preclusion or issue preclusion or similar defense or counterclaim.

11.8    The Settling Parties agree that any press release or other public comment made by the Settling Parties related to the Civil Action or its resolution shall be limited to a factual description of any content available on the public docket, the terms of the settlement and the remaining procedural steps necessary to secure final approval. The Settling Parties shall not suggest that the Settlement constitutes an admission of any claim or defense alleged.

11.9    The Released Defendants and Humphrey agree that each has complied fully with the stricture of Rule 11 of the Federal Rules of Civil Procedure and the Class Action Fairness Act of 2005, 28 U.S.C. § 1711, *et seq.*, and the final judgment will contain a statement to reflect this compliance.

11.10   All of the Exhibits to this Stipulation are material and integral parts hereof and are fully incorporated herein by this reference.

11.11   This Stipulation and the Exhibits attached hereto constitute the entire agreement between the Settling Parties and no representations, warranties or inducements have been made to any party concerning the Stipulation or its Exhibits other than the representations, warranties and covenants contained and memorialized in such documents.

11.12   This Stipulation may be amended or modified only by a written instrument signed by or on behalf of all Settling Parties or their respective successors in interest.

11.13   This Stipulation and the Exhibits hereto shall be considered to have been negotiated, executed and delivered, and to be wholly performed, in the State of Ohio and the rights and obligations of the parties to this Stipulation shall be construed and enforced in accordance

with, and governed by, the substantive laws of the State of Ohio without giving effect to the State's choice of law provisions.

11.14    The Court shall retain jurisdiction with respect to implementation and enforcement of the terms of this Stipulation, and all parties hereto submit to the jurisdiction of the Court for purposes of implementing and enforcing the settlement embodied in this Stipulation.

11.15    This Stipulation may be executed in counterparts, including by signature transmitted by facsimile. Each counterpart when so executed shall be deemed to be an original, and all such counterparts together shall constitute the same instrument.

11.16    The Settling Parties and their counsel agree to use their best efforts to obtain Court approval of this Stipulation.

11.17    Except for the Class Notices and the CAFA notices, all notices or formal communications under this Stipulation shall be in writing and shall be given (a) by hand delivery, (b) by registered or certified mail, return receipt requested, postage prepaid, or (c) by Federal Express or similar overnight courier to counsel for the Party to whom notice is directed at the following addresses.

**For Humphrey and the Settlement Class:**

Matthew A. Dooley, Esq.
Ryan M. Gembala, Esq.
Stephen M. Bosak, Jr.
O'TOOLE, MCLAUGHLIN, DOOLEY & PECORA CO., LPA
5455 Detroit Road
Sheffield Village, Ohio  44054

**For NUMI:**

Eric J. Nystrom
FOX ROTHSCHILD - Minneapolis
2000 Campbell Mithun Tower
222 South Ninth Street
Minneapolis, MN 55402

Laura L.W. Schultz
Robert F. Ware
THOMPSON HINE - Cleveland
3900 Key Tower
127 Public Square
Cleveland, OH 44114

**For Republic:**

Gregory S. Korman
Stuart M. Richter
KATTEN MUCHIN ROSENMAN - Los Angeles
26th Floor
2029 Century Park, E
Los Angeles, CA 90067

Laura L.W. Schultz
Robert F. Ware
THOMPSON HINE - Cleveland
3900 Key Tower
127 Public Square
Cleveland, OH 44114

11.18    This Stipulation is the entire, complete agreement of each and every term agreed to by Humphrey and the Settlement Class on the one hand and Defendants and their counsel on the other hand. In entering into this Stipulation, Humphrey and the Settlement Class have not relied on any warranty or representation not specifically set forth herein. This Stipulation may be amended or modified only by a written instrument signed by Class Counsel and Defense Counsel.

11.19    Class Counsel and Humphrey agree to refrain from disparaging or defaming the Released Defendants and their parent companies, subsidiaries, affiliates, successors, assigns, attorneys, employees, directors, officers, or shareholders with respect to any issue related to this case. Likewise, Released Defendants agree to refrain from disparaging or defaming Humphrey or Class Counsel regarding any issue related to this case.

11.20    The headings in this Stipulation are for the convenience of the reader only and

shall not affect the meaning or interpretation of this Stipulation.

11.21    In the event that any provision hereof becomes or is declared by a court of competent jurisdiction to be illegal, unenforceable or void, this Stipulation shall continue in full force and effect without such provision, unless the deletion of such provision materially changes the terms or effect of this Stipulation.

11.22    None of the Parties to this Stipulation shall be considered to be the primary drafter of this Stipulation or any provision hereof for the purposes of any rule of interpretation or construction that might cause any provision to be construed against the drafter.

11.23    This Stipulation shall be binding according to its terms upon, and inure to the benefit of, Humphrey, the Settlement Class, and the Released Defendants.

11.24    The individuals signing this Stipulation on behalf of the Released Defendants represent that they are fully authorized to enter into, and to execute, this Stipulation. Class Counsel represent that they are fully authorized to conduct settlement negotiations on Humphrey's behalf, and to enter into, and to execute, this Stipulation on behalf of the Settlement Class, subject to Court approval pursuant to Fed. R. Civ. P. 23(e). Humphrey enters into and executes this Stipulation on behalf of herself, and as a representative of and on behalf of the Settlement Class, subject to court approval pursuant to Fed. R. Civ. P. 23(e).

11.25    Each of the Parties has had an opportunity to receive, and has received, independent legal advice from his, her or its attorneys regarding the advisability of this proposed settlement, and to answer any questions about the settlement, and the legal consequences of this Stipulation, and fully understands and accepts the terms of this Stipulation.

11.26    Humphrey, Class Counsel and the Released Defendants may execute this Stipulation in counterparts, and the execution of counterparts shall have the same effect as if all

Settling Parties had signed the same instrument. Facsimile signatures shall be considered as valid signatures as of the date signed, although the original signature pages shall thereafter be appended to this Stipulation. This Stipulation shall not be deemed executed until signed by Humphrey, Class Counsel and authorized representatives of the Released Defendants.

 Submitted and Stipulated by:

O'TOOLE, McLAUGHLIN, DOOLEY &
PECORA CO., LPA

/s/ Matthew A. Dooley
Matthew A. Dooley (0081482)
Anthony R. Pecora  (0069660)
5455 Detroit Road
Sheffield Village, Ohio  44054
Telephone:     (440) 930-4001
Facsimile:      (440) 394-7208
Email: mdooley@omdplaw.com
                      apecora@omdplaw.com
*Counsel for Plaintiff*

FOX ROTHSCHILD - MINNEAPOLIS

/s/ Eric J. Nystrom
Eric J. Nystrom
2000 Campbell Mithun Tower
222 South Ninth Street
Minneapolis, MN 55402
612-607-7000
Fax: 612-607-7100
Email: enystrom@foxrothschild.com

Laura L.W. Schultz
Robert F. Ware
THOMPSON HINE - Cleveland
3900 Key Tower
127 Public Square
Cleveland, OH 44114
216-566-5500
Fax: 216-566-5800
Email: Laura.Schultz@ThompsonHine.com

Counsel for NUMI

KATTEN MUCHIN ROSENMAN - LOS
ANGELES

/s/ Stuart M. Richter
Gregory S. Korman
Stuart M. Richter
26th Floor
2029 Century Park, E
Los Angeles, CA 90067
310-788-4400
Fax: 310-788-4471
Email: stuart.richter@kattenlaw.com

Laura L.W. Schultz
Robert F. Ware
THOMPSON HINE - Cleveland
3900 Key Tower
127 Public Square
Cleveland, OH 44114
216-566-5500
Fax: 216-566-5800
Email: Laura.Schultz@ThompsonHine.com

Counsel for Republic

---

The Court, having reviewed the Stipulation of Settlement, approves the same and Orders the Settling Parties to proceed as agreed, and stays this Civil Action.

**It is so ordered.**

_____
UNITED STATES DISTRICT JUDGE