IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO

| | |
|---|---|
| AMBER HUMPHREY, on Behalf of Herself and All Others Similarly Situated,<br><br>Plaintiff,<br><br>vs.<br><br>STORED VALUE CARDS, INC. (d/b/a NUMI FINANCIAL), et al.,<br><br>Defendants. | CASE NO. 1:18-cv-01050<br><br>JUDGE JAMES S. GWIN |

**ORDER**

WHEREAS, Plaintiff Amber Humphrey, on behalf of himself and the other Class Members in this action styled *Amber Humphrey v. Stored Value Cards, Inc. (d/b/a NUMI Financial) et al.*, Case No. 1:18-cv-01050 (the "Civil Action") and Defendants have entered into a Stipulation of Settlement, filed on September 20, 2019 (the "Stipulation"), after lengthy arms-length settlement discussions and mediation;

AND WHEREAS, the Court previously appointed Amber Humphrey as the Class Representative, appointed Matthew A. Dooley, Ryan M. Gembala, and Stephen Boask to represent the classes certified below and in its order dated November 16, 2018 (Doc. 55):

| EFTA Class | Ohio Conversion Class | Ohio Unjust Enrichment Class |
|---|---|---|
| All persons in the United States who were taken into custody at a jail, correctional facility, detainment center, or any other law enforcement facility, and upon release were issued a pre-activated debit card by Defendants to | All persons in Ohio who were taken into custody at a jail, correctional facility, detainment center, or any other law enforcement facility, and upon release were issued a pre-activated debit card by Defendants | All persons in Ohio who were taken into custody at a jail, correctional facility, detainment center, or any other law enforcement facility, and upon release were issued a pre-activated debit card by Defendants |

| access a bank account containing any funds remaining in their inmate trust account within one year prior to the filing of the original Complaint in this action and during its pendency. | containing any funds remaining in their inmate trust account and from which Defendants deducted any fees within four years prior to the filing of the original Complaint in this action and during its pendency. | containing any funds remaining in their inmate trust account and from which Defendants deducted any fees within six years prior to the filing of the original Complaint in this action and during its pendency. |
|---|---|---|

AND, WHEREAS, the Court has received and considered the Parties' Stipulation;

AND, WHEREAS, the Parties on September 20, 2019 made an application, pursuant to Federal Rule of Civil Procedure 23(e), for an order preliminarily approving the settlement of the Civil Action upon the terms and conditions set forth in the Stipulation;

AND, WHEREAS, the Court has reviewed the Parties' application for such order, and has found good cause for the same.

NOW, THEREFORE, IT IS HEREBY ORDERED:

1. The Court has conducted a preliminary assessment of the fairness, reasonableness, and adequacy of the Stipulation, and hereby finds that the settlement falls within the range of reasonableness meriting possible final approval.  The Court therefore preliminarily approves the proposed settlement as set forth in the Stipulation subject to further consideration at the Fairness Hearing described below.

2. Pursuant to Rule 23(e) of the Federal Rules of Civil Procedure, the Court will hold a Fairness Hearing on April 23, 2020 at 9:00 a.m. in the Courtroom of Judge Gwin, United States District Court for the Northern District of Ohio, 801 West Superior Avenue, Cleveland, Ohio 44113 for the following purposes:

   a. determining whether the proposed settlement of the Civil Action on the terms and conditions provided for in the Agreement is fair, reasonable, and adequate and should be approved by the Court;

       b.       considering the application of Class Counsel for an award of attorneys' fees and reimbursement of expenses, as provided in the Stipulation;

       c.       considering whether the Court should enter the [Proposed] Judgment, Final Order, and Decree;

       d.       considering whether the release by the Class Members of the Released Claims as set forth in the Stipulation should be provided; and

       e.       ruling upon such other matters as the Court may deem just and appropriate

3.       The Court may adjourn the Fairness Hearing and later reconvene such hearing without further notice to the Class Members.

4.       The Parties may further modify the Stipulation prior to the Fairness Hearing, so long as such modifications do not materially change the terms of the settlement provided thereunder. The Court may approve the Stipulation with such modifications as may be agreed to by the Parties, if appropriate, without further notice to the Class Members.

5.       Class Members must file and serve any objections to the proposed settlement not later than 30 days after distribution of the Class Notices, including any memorandum and/or submissions in support of said objection, which deadline will be set forth in the Class Notice.

6.       All papers in support of the Settlement and any application for an award of attorneys' fees, actual out-of-pocket expenses and/or class representative incentive awards must be filed with the Court and served at least ten (10) days prior to the Fairness Hearing.

7.       The Court approves, as to form and content, the proposed Notice of Class Action Settlement, which is attached to the Stipulation.

8.       Within 90 days of this Order, the Settlement Administrator shall cause the Class Notice to be sent to each Class Member by first-class United States Mail.

9. The Court finds that the distribution of the Class Notice substantially meets the requirements of Federal Rule of Civil Procedure 23 and due process, is the best notice practicable under the circumstances, and shall constitute due and sufficient notice to all persons entitled thereto.

10. The Court approves American Legal Claims Services, LLC to administer the settlement ("Settlement Administrator"). The Settlement Administrator shall cause the dissemination of the Class Notices and supervise and carry out the notice procedure, the processing of claims, and other administrative functions, and shall respond to Class Member inquiries, as set forth in the Stipulation and this Order under the direction and supervision of the Court.

11. All costs of administering the settlement shall by paid from the Settlement Fund, as set forth in the Stipulation.

12. Each class member who did not timely opt out of the Class during the Pre-Settlement Notice Process shall have the right to object to the settlement by filing written objections with the Court not later than thirty (30) days after mailing of the Class Notice, and copies of the objections shall be served on Class Counsel. Failure to timely file and serve written objections will preclude a Class Member from objecting at the Fairness Hearing.

13. The Court retains exclusive jurisdiction over this action to consider all further matters arising out of or connected with the settlement, including the administration and enforcement of the Stipulation.

IT IS SO ORDERED.

                *s/   James S. Gwin*
                JAMES S. GWIN
                UNITED STATES DISTRICT JUDGE